UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JALISHA VANDIVER**                                                                **PLAINTIFF**

**v.**                             **CASE NO. 4:03-CV-00834 GTE**

**LITTLE ROCK SCHOOL DISTRICT;**
**VERNON SMITH, JR., individually and in**
**his official capacity as Principal of Hall High**
**School; MARIAN LACEY, individually and in**
**her official capacity as Assistant Superintendent of**
**Secondary Education of Little Rock School District**       **DEFENDANTS**

## ORDER ON MOTION IN LIMINE

Defendants move this Court to exclude evidence of alleged acts and statements by Defendant Smith which occurred outside the presence and knowledge of Plaintiff because its admission would violate Federal Rules of Evidence 404(b) and 403. Defendants argue that the alleged statements and conduct outlined in their motion involved persons other than Plaintiff and happened outside of Plaintiff's presence. Additionally, Defendants argue that there is no evidence to suggest that Plaintiff was aware, until after her termination, that any of the alleged statements were made or any of the alleged conduct took place.

Defendants assert that Plaintiff would seek to admit such evidence only to show that Defendant Smith has a propensity toward sexual harassment, which is prohibited under Federal Rule of Evidence 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,

> provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). "Evidence is admissible under Rule 404(b) if it is '(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the [event at issue].'" *Berry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir. 1998).

Defendants argue that there is no evidence to suggest that any of the alleged conduct or statements by Smith occurred in the Plaintiff's presence, or that she had knowledge of these alleged events. Defendants further argue that the evidence is not admissible because it would violate Rule 403 by requiring prejudicial mini-trials because Defendant Smith denies the vast majority of the alleged statements or acts.

Plaintiff states that she was aware of the other acts of sexual harassment by Defendant Smith by means of her conversations with co-workers and there is no dispute that the geographical location and timing of these other acts are close enough in location and time to be relevant to Plaintiff's claims. Plaintiff argues that the proffered evidence is admissible because it is relevant to show a hostile work environment. Additionally, Plaintiff argues that the evidence tends to prove the employer's motives for terminating her and Defendant Smith's intent and plan in making sexual advances, and is therefore admissible under Rule 404(b). Plaintiff furhter argues that the probative value outweighs the prejudicial effect because the evidence goes to the main issue in the case.

"Evidence of prior acts of discrimination is relevant to an employer's motive in discharging a plaintiff, even where this evidence is not extensive enough to establish discriminatory animus by itself." *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1104 (8th Cir. 1988) (overruled on other grounds) (citing *Hogan v. American Telephone & Telegraph Co.,* 812 F.2d 409, 410-11 (8th Cir. 1987)). In *Estes*, the Eighth Circuit held that evidence of discriminatory treatment of black customers by the employer as evidence of the employer's motive in discharging a black employee should have been allowed at trial because the plaintiff alleged that the manager who authorized this practice also played a role in the decision to fire the plaintiff. *Id*. The Court acknowledged that such evidence may have been excluded if the employees allegedly responsible for the discrimination against customers were unconnected with the employees who allegedly fired the plaintiff. *Id*. (citing *Hunter v. Allis-Chalmers Corp., Engine Division,* 797 F.2d 1417, 1424 (7th Cir. 1986)). Additionally, the court held that evidence that a manager, who plaintiff alleged participated in the decision to fire him, told racist jokes about blacks at staff meetings and referred to customers and the plaintiff as "damn niggers" was probative. *Id*.

In *Land v. Midwest Office Technology, Inc.*, 125 F. Supp. 2d 433, 434-35 (D. Kan. 2000), the district court was called upon to decide whether evidence of alleged conduct of the defendant's employees which did not occur in plaintiff's work environment was admissible. The court noted that Plaintiff submitted an affidavit stating that while she was still employed with the defendant, she had knowledge of all but one of the acts at issue. *Id*. at 435. The court found that such contemporaneous knowledge was necessary, but was not necessarily sufficient, for the admission of the evidence. *Id*. (citing *Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1415-16 (10th

Cir. 1987) (holding "that evidence of a general work atmosphere, including evidence of harassment of other women, may be considered in evaluating a claim"); *Stahl v. Sun Microsystems, Inc.,* 19 F.3d 533, 538 (10th Cir. 1994) ("incidents of sexual harassment directed at employees other than the plaintiff can be used as proof of the plaintiff's claim of a hostile work environment")). The court stated that the proponent of such evidence must show that "such geographically remote acts impacted plaintiff's work environment," and delayed ruling until trial. *Id*. The court noted that such evidence may be admissible for various other purposes. *Id.* (citing *Turnbull v. Topeka State Hospital,* 185 F.R.D. 645, 649 (D. Kan. 1999) (admissible to show the employer's knowledge of the employee's acts); *Curtis v. Oklahoma City Public Schools Bd. of Educ.,* 147 F.3d 1200, 1217 (10th Cir. 1998) (admissible to show the employer's discriminatory intent under certain circumstances); *Beard v. Flying J. Inc.,* 116 F. Supp. 2d 1077, 1095 (S.D. Iowa 2000) (admissible to show "absence of mistake or accident," or knowledge under Rule 404(b)'s exception, and to show habit under Rule 406); *Garvey v. Dickinson College,* 763 F. Supp. 799, 801 (M.D. Pa. 1991) (evidence that the defendant has made disparaging remarks about the class of persons to which plaintiff belongs may be introduced to show that the defendant harbors prejudice toward that group and if it were excluded, plaintiff would have no means of proving that the defendant acted with discriminatory intent)).

Also, in *Land*, the district court noted that "the difficulties in proving discriminatory intent significantly heighten the probative value of statements revealing the employer's attitude toward the employee." *Id*. at 435-36 (citing *Hunter v. Allis-Chalmers Corp.,* 797 F.2d 1417, 1423-24 (7th Cir.1986); *Mullen v. Princess Anne Volunteer Fire Co., Inc.,* 853 F.2d 1130, 1133 (4th Cir.1988) (explaining the high probative value of admitting racial slurs as evidence of racial

animus "because of the inherent difficulty of proving state of mind")). Once again, however, the court delayed ruling until trial because "a court cannot fairly ascertain the potential relevance and prejudicial effect of the evidence until it has a full record relevant to the putatively objectionable evidence," and noted that a limiting instruction could prevent any prejudicial effect. *Id*. at 436.

Furthermore, in *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 194 n.8 (3d Cir. 2000), the Third Circuit noted the numerous cases which have held that, as a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination.[1] The court noted that "in those circumstances, the inference of the employer's discriminatory attitude came from the nature of the prior acts themselves, and the prior acts of discrimination were not offered for the purpose

---

[1] *See, e.g., United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713 n. 2, 103 S.Ct. 1478, 1481 n. 2, 75 L.Ed.2d 403 (1983) (stating that evidence of an employer's comments were admissible to prove race discrimination); *Robinson v. Runyon*, 149 F.3d 507, 512-13 (6th Cir. 1998) (noting that evidence of a racially hostile atmosphere was admissible in Title VII suit to illustrate decisionmaker's attitude); *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (same, in sexual harassment suit under Title VII); *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 349-50 (1st Cir. 1989) (permitting evidence of remarks made by president of the University concerning another woman on theory that the remarks could be construed as demonstrating sexist attitude); *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1102-04 (8th Cir. 1988) (noting that "circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices"); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1423-24 (7th Cir. 1986) (upholding district court's admission of evidence of harassment of other workers to show that employer condoned racial harassment); *see also Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1214 (3d Cir.1995) (age-related comments and evidence of how supervisor treated older employees was probative of whether supervisor harbored discriminatory attitude against older workers); *Glass*, 34 F.3d at 194-95 (evidence of prior racial harassment was relevant to whether plaintiff was terminated because of age and/or race discrimination).

of establishing the fact that the employer engaged in any particular act or course of conduct in connection with the plaintiff's termination." *Id*.

However, the court in *Becker* found that evidence of the defendant's manner of terminating another employee by fabricating performance problems was not relevant to the issue of whether the defendant discriminated against the plaintiff absent the inference that the defendant had a propensity to act in a certain way, and that in firing the plaintiff, it acted in conformity with its prior conduct. Thus, in that case, the evidence was not admissible because "when a proponent of Rule 404(b) evidence contends that it is both relevant and admissible for a proper purpose, 'the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.'" *Id*. at 191.

The Court notes that, at this point, whether Plaintiff was aware of Smith's alleged statements and conduct, as set forth in Defendant's motion, during the time of her employment is disputed. While Plaintiff makes the blanket assertion that she "was aware of the other acts of sexual harassment by Defendant Smith by means of her conversations with co-workers," the cited deposition testimony of the Plaintiff does not reveal knowledge of the specific instances that are the subject of Defendant's motion. However, if Plaintiff were to testify that she was aware of those alleged specific instances, the Court would find evidence of same admissible to show the alleged hostile work environment. *See Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000) (holding that harassment directed towards others of which the employee was unaware can have no bearing on whether she reasonably considered her working environment abusive); *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 249 n.4 (6th Cir. 1998) (same)).

However, even absent Plaintiff's contemporaneous knowledge, the evidence is likely admissible under Rule 404(b) to show Defendant Smith's discriminatory motives and intent.[2] As noted by the Ninth Circuit in *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 897-98 (9th Cir. 1994):

> Individuals who engage in sexual harassment may have different motives. Sometimes, an employer or supervisor may use his power within the company's hierarchy in order to gratify his sexual desires. When an employee becomes the victim of her boss' unwanted sexual attention, she may be forced to tolerate his sexually harassing conduct for fear that her job or her advancement in the company are at risk. A woman in this circumstance may reasonably feel subordinated and belittled even though the harasser's primary purpose is to seduce her rather than to demean her or cause her anguish and distress. *See, e.g., King v. Board of Regents of the Univ. of Wisconsin Sys.,* 898 F.2d 533, 539 (7th Cir.1990) (holding that sexual harassment is actionable even when motivated by sexual desires rather than dislike of women or intent to harass); *see also Horn v. Duke Homes, Div. of Windsor Mobile Homes,* 755 F.2d 599, 601-03 (7th Cir.1985) (describing defendant's use of his supervisory power to fulfill his sexual desires).
>
> In other circumstances, however, sexual harassment may be symptomatic of gender-based hostility, the employer or supervisor using sexual harassment primarily to subordinate women, to remind them of their lower status in the workplace, and to demean them. In this latter circumstance, the "sexual" element of the harassment is only secondary. *See King,* 898 F.2d at 539. Because hostility against women underlies decisions to discharge or to refuse to hire women because of their gender, evidence of sexual harassment often will be relevant to claims of gender-based employment discrimination. *See, e.g., Waltman v. International Paper Co.,* 875 F.2d 468, 471-72, 482 (5th Cir.1989) (discussing male employees' use of sexual harassment for the purpose of distressing and demeaning female co-worker).
>
> Of course, in many cases the sexual harasser will have a mixed motive for engaging in this type of conduct and, as with any overlapping categories, definitional problems will arise. Nevertheless, the distinction between sexual harassment which arises out of sexual desire and that which reflects hatred of women retains its validity. *See, e.g., Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463 (9th Cir.1994) (finding that supervisor used sexual harassment to distress or disempower rather than to seduce women employees). The finder of fact, presented with evidence of sexual harassment, will have to determine

---

[2]Although not specifically noted by the Plaintiff, the Court notes that the evidence may also be probative as to the knowledge of the Defendants other than Smith.

whether and to what extent the employer's or supervisor's harassing conduct is probative of his intent to discriminate against women in his employment decisions. In order to make such a determination, however, the factfinder must first have access to the evidence.

While the Court is inclined to allow this evidence, the Court agrees with the observation in *Land* that it cannot fairly ascertain the potential relevance and prejudicial effect of the evidence until it has a full record relevant to the putatively objectionable evidence. At this point, the Court will deny Defendants' motion. However, Defendants are not prevented from raising their objections at trial.

Additionally, prior to the introduction of such evidence at trial, counsel are instructed to alert the Court of the proffered evidence outside of the hearing of the jury. Counsel are further instructed to make this instruction known to the parties and the witnesses in this case. In the event that this evidence is ultimately admitted, an appropriate limiting instruction may be given.

Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion in Limine (Docket No. 60) be, and it is hereby, DENIED.

IT IS SO ORDERED this 25th day of September, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE