**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JALISHA VANDIVER**                                                               **PLAINTIFF**


**v.**                              **CASE NO. 4:03-CV-00834 GTE**


**LITTLE ROCK SCHOOL DISTRICT;
VERNON SMITH, JR., individually and in
his official capacity as Principal of Hall High
School; MARIAN LACEY, individually and in
her official capacity as Assistant Superintendent of
Secondary Education of Little Rock School District**          **DEFENDANTS**

<u>**ORDER ON MOTIONS IN LIMINE**</u>

        Before the Court are five motions in limine (2 filed by Defendants and 3 filed by

Plaintiffs).  This Order addresses all the outstanding motions but one – Defendant's second

motion in limine (doc. no. 147), which seeks to exclude evidence of other alleged acts and

statements of Defendant Smith.  The Court has scheduled a telephone conference for today at

3:00 p.m. to address that motion.

        The Court will address each of the four motions separately.

        **I.      Plaintiff's Motion in Limine (renewed) (Doc. No. 114).**

        Plaintiff moves in limine to exclude the following evidence:

        a.      Evidence concerning her divorces in Pulaski and Monroe Counties;

        b.      Evidence regarding the Plaintiff's employment, including her personnel file, from

                Brinkley School District and Conway School District;

c.      Any testimony regarding Dr. James' letters recommending termination sent to Vandiver;

d.      Any testimony regarding Vandiver appearing on campus being escorted off campus after she received her termination letter;

e.      Any mention of Vandiver's criminal trial for terroristic threatening;

f.      Any mention of the meeting on Dec. 10th with Smith, Judy Zink, and Ken Moore, including the conversation about the resignation form;

g.      Evidence regarding Plaintiff squiring students with water bottle during class;

h.      Any testimony regarding Vandiver using profanity toward her students;

i.      Any testimony regarding Vandiver's threat that her students were "going to be a Columbine" at the school.

j.      Any testimony regarding Vandiver's alleged threat to kill Vernon Smith.

Defendants oppose the motion.  They contend the evidence is relevant to: (1) the cause of Plaintiff's emotional distress; (2) whether Plaintiff unreasonably failed to report the alleged harassment by Defendants Smith; and (3) her credibility, that is, her ability to comprehend, know and correctly relate the truth.

Plaintiff is seeking damages for emotional distress and as such Defendants must be permitted to explore any possible caused for such distress other than the alleged harassment. With regard to Plaintiff's "termination," it appears to the Court that all facts related to her proposed termination for unprofessional conduct will eventually come out as the parties tell their side of the story.

The Court concludes that it is unable to prohibit prior to trial any of the categories of evidence specified by Plaintiff.  All of these items are potentially relevant and the Court can not find, prior to trial, that the probative value of the proposed evidence is substantially outweighed by unfair prejudice, confusion of the issues, or needless presentation of cumulative evidence.  *See* Fed. R. Evid. 403.  It will be the obligation of  Plaintiff's counsel to move at trial to prohibit any testimony that it contends is irrelevant, unduly prejudicial, or cumulative.

**II.     Defendants First Motion in Limine (Doc. No. 145)**

Plaintiff has agreed to each of the seven matters Defendants have moved to exclude in their first motion in limine.  Accordingly, counsel and witnesses are instructed not to solicit testimony or testify regarding the following:

a.     The settlement agreement for Vandiver's resignation.

b.     Defendants' answer to paragraph 8 and 10 of Plaintiff's original complaint.

c.     Damages other than mental anguish;

d.     Plaintiff's testimony that she reported Defendant Smith's alleged harassment to Linda Jones or Judy Zink; testimony from Linda Jones or Judy Zink that Plaintiff reported Defendant's alleged harassment to them;

e.     Any evidence or testimony related to other incidents involving teachers squirting water or other substances on students;

f.     LRSD's settlement agreements with Dara Booth or Ken Moore;

g.     The reasons Defendant Smith took medical leave during the 2004-2005 school year and retired at the conclusion of that year.

Without opposition, Defendant's first motion in limine will be granted and the above mentioned items shall be excluded from evidence at trial.

### III.    Plaintiff's Motion in Limine re: Marijuana Use (Doc. No. 158).

Plaintiff moves in limine to exclude any reference to Plaintiff's marijuana use.  Plaintiff argues that there is no evidence that she used marijuana when she was teaching or that her use of marijuana affected her classroom performance.  The sole purpose of such evidence, Plaintiff argues, is to disparage her character.  Defendant contends that such evidence is relevant because the medical records indicate that Plaintiff "quit abusing" marijuana in mid-October 2002, while she was working for the Little Rock School District and allegedly being subjected to sexual harassment by Defendant Smith.

The Court concludes that evidence of substance abuse may be relevant as a potential cause of her emotional distress and is not appropriate for exclusion prior to trial.  This motion must be denied.

### IV.    Plaintiff's Motion in Limine re Bipolar Disorder (Doc. No. 159).

Plaintiff moves in limine to prevent Defendants from cross-examining Plaintiff on her diagnosis of bipolar disorder.  Plaintiff contends her mental health condition was well controlled by medication and that there is no evidence that her bipolar disorder affected her classroom performance.

Plaintiff checked herself in to the St. Vincent Health System's Living Hope Institute shortly after being arrested and charged with terroristic threatening for threatening to kill Defendant Smith.   Her chief complaint was, "[T]oo much stress, I couldn't manage it." and she also indicated, "I'm just stressed to the point I can't take care of myself – getting my meds mixed

4

up."  Plaintiff admitted to having "delusions at the time she was under stress" and that she was "very paranoid at school."  Defendants will obviously be permitted to use this evidence to show Plaintiff's emotional state and reasons for her emotional distress other than the alleged harassment.  It is unclear from the portions of the record quoted whether Plaintiff's bipolar condition was controlled by medication during this time.

While the Court will not prohibit Defendants prior to trial from referencing Plaintiff's bipolar diagnosis to the extent that such diagnosis is found in the medical records and relevant to her mental condition or a source of her stress, the Court expects Defendants to refer to the term "bipolar disorder" as it is found in the medical records, but not to use it as a disparaging label.

The Court concludes that her diagnosis of bipolar disorder, to the extent found in the medical records and relevant to her mental state, is not appropriate for exclusion prior to trial. This motion must be denied.

## CONCLUSION

For the reasons stated herein,

IT IS HEREBY ORDERED THAT Plaintiff's motions in limine (Docket Nos. 114, 158, and 159) be, and they are hereby, DENIED.

IT IS FURTHER ORDERED THAT Defendant's first motion in limine (Docket No. 145) be, and it is hereby, GRANTED.

IT IS SO ORDERED THIS  7th day of May, 2009.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE